UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-164-H

JACK JOE HOLLAND                                                PETITIONER

V.

PATTI WEBB, WARDEN
GREEN RIVER CORRECTIONAL COMPLEX             RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner, Jack Joe Holland, has filed a petition for writ of habeas corpus concerning his *Alford* plea on murder charges back in 1987. Petitioner contends that he received ineffective assistance from his counsel. After thoroughly reviewing the case, the Court finds no legal or factual basis for such an argument. Petitioner is not entitled to the writ and his petition should be dismissed.

I.

Originally, Petitioner was convicted of the 1980 murder of Barbara Helm. The Supreme Court of Kentucky overturned his conviction and that of his co-defendant, remanding for a new trial. *Holland v. Commonwealth*, Ky., 703 S.W.2d 876 (1985). On remand, Petitioner pled guilty on an *Alford* plea to one count of murder and one count of robbery in the first degree. The trial court sentenced him to life imprisonment. Six years later Petitioner began the process of challenging his plea and sentence. Over the years the state courts have denied all his claims and appeals. Thereafter, he filed this federal habeas petition on March 17, 2005.

Petitioner claims that his trial counsel induced him to involuntarily enter into an illegal *Alford* plea in violation of his constitutional rights and that the trial court abused its discretion by failing to side with his argument. Specifically, Petitioner argues that the trial court erred in not finding ineffective assistance of counsel because one of his trial co-counsel coerced him to plead guilty by intimating he could withdraw his *Alford* plea at any time because it was not a legal plea in Kentucky, by informing him he could not received a fair trial in Oldham County, by stating that Holland would get a death sentence if he went to trial, and by not telling him of the parole implications of the *Alford* plea.

## II.

In a habeas corpus proceeding, the federal court must determine whether the decision of the Kentucky Court of Appeals in Petitioner's case was directly contrary to, or an objectively unreasonable application of, the standard for ineffective assistance of counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984) as applied subsequently in Supreme Court decisions. *See e.g., Kimmelman v. Morrison*, 477 U.S. 365 (1986) and *Williams v. Taylor*, 529 U.S. 362 (2000).

In *Strickland* the Supreme Court set forth the well-known two-prong test for determining ineffective assistance of counsel. The first factor requires a defendant to show that the performance of his or her attorney fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. According to the Supreme Court, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Analysis of an attorney's reasonableness requires the court to take into account the skills the lawyer should possess, the guidelines of professional organizations such as the American Bar

Association, and the specific circumstances of each case. *Id.*; *Campbell v. Coyle*, 260 F.3d 531 (6th Cir. 2001). A defendant is not guaranteed errorless counsel, or counsel judged ineffective by hindsight, but counsel likely to render and rendering reasonably effective assistance. *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974).

A.

A petitioner may not prevail on federal habeas corpus where the record clearly reflects that the plea was knowingly, intelligently and voluntarily made. *Neyland v. Blackburn*, 785 F.2d 1283 (5th Cir. 1986). The Kentucky Court of Appeals thoroughly addressed this issue. Petitioner was fully cognizant of the proceedings and the consequences of his plea; he was determined fully competent to enter into that plea, and he did so knowingly, intelligently and voluntarily. Indeed, in his 60.02 motion filed *pro se* on December 2, 1993, Petitioner stated "after consulting the matter of a retrial over with his attorneys, defendant decided to forego such a proceeding, and elected to accept the Commonwealth's offer, in exchange his plea of guilty, that was presented to him by his attorneys."

The Kentucky Court of Appeals' decision does not appear to be based on an unreasonable determination of the facts in light of the state court record. It applied the proper test to review the trial court's determination regarding whether the facts of the case resulted in a violation of Holland's constitutional right to effective assistance of counsel. It thoroughly reviewed the record and rejected this contention on Holland's appeal from the denial of his RCr 11.42 motion. Reviewing the opinion, it is apparent that Petitioner received effective assistance of counsel. The findings were supported by substantial evidence and the reasoning on this issue tracked the analysis set out in the relevant Supreme Court precedent of *Strickland* (and also in

3

the underlying analysis regarding *Boykin*), noting that counsel was not deficient and from that basis no prejudice could have occurred effecting Petitioner's constitutional rights.

Based upon the entire record, the Court finds that the state court determination that Holland's guilty plea was voluntary is itself objectively reasonable and properly applied existing law.

B.

Petitioner argues that his trial counsel was ineffective by failing to have him psychiatrically evaluated before entering his plea in 1987. Nothing in the record either supports or suggests that Petitioner was incompetent or that he was suffering from a psychiatric condition that would render him unable to enter into a valid guilty plea. Moreover, nothing in the record whatsoever suggests that Petitioner has ever raised this issue prior to the statements in this petition. When taken in the context of the plea colloquy with this trial court, the waiver executed by Petitioner and the absence of competency issues raised during his first trial, nothing in the record supports any finding of mental illness or a "substantial" or "bona fide" doubt of competence that would have required a competency evaluation or hearing by the trial court. From that basis, this claim, or more appropriately this ground for supporting his claim, is procedurally defaulted.

C.

Petitioner cites fourteen instances in which his co-counsel's performance allegedly fell below the standards of an effective advocate. Petitioner argues that his trial counsel made the following mistakes: (1) failed to inform him that a remanded case is possibly not as strong as the first trial; (2) failed to investigate a jacket (said to belong to Petitioner that contained the victim's

4

blood) which the Petitioner claimed was fabricated; (3) failed to file a motion for independent testing of the jacket; (4) failed to interview possible alibi witnesses (none are specifically named); (5) failed to file a motion to have lie detector tests admitted; (6) failed to investigate the possibility that robbery at Blue Boar Cafeteria and death of victim were unrelated; (7) failed to file for a new investigation by police; (8) failed to quash the robbery and kidnapping charges; (9) allowed the Commonwealth to use the failed motion to change venue as leverage against Petitioner to coerce an illegal plea; (10) allowed the trial judge to enter the plea process; (11) failed to investigate the statute of murder and PFO and created an illegal sentence; (12) failed to see a psychiatric exam for Petitioner prior to guilty plea; (13) failed to enter into the adversarial process; and (14) failed to hold the Kentucky State Police to a non-prosecution agreement.

  In general, Petitioner claims that one of his co-counsel at trial was ineffective for failure to investigate viable defenses before Petitioner entered his invalid guilty plea. In fact, many of the claims do not actually deal with the investigation of defenses, are mere conclusory allegations. It is also noteworthy that Petitioner had additional counsel after remand who participated in his defense and was present for his guilty plea. Petitioner only names one of his counsel regarding this issue and this Court can only assume that the other's advice and performance was competent. Petitioner raised this ground generally in his *pro se* motion for 11.42 relief ("failed to develop and inform Movant of other possible defenses") to the Oldham Circuit Court as a conclusory allegation with no specific facts or argument advanced in support. The underlying examples were not addressed or otherwise elaborated (except regarding the non-prosecution agreement). Ultimately, only two issues were addressed on appeal as ineffective assistance of counsel claims: (1) failure to adequately explain the ramifications of the *Alford*

plea; and (2) failure to seek enforcement of a non-prosecution agreement. The Kentucky Court of Appeals concluded each ineffective assistance issue in favor of the Commonwealth and found trial counsel to have been an effective advocate for the Petitioner. Other than the non-prosecution agreement issue, the remainder of these claims are procedurally barred because they were never properly advanced in the courts of Kentucky and the Petitioner has not put forth a showing that would require consideration in this forum.

As to the allegation by Petitioner that he entered into a non-prosecution agreement with the Kentucky State Police, the Kentucky Court of Appeals addressed this issue and found no evidence of such an agreement. Petitioner has fallen well short of demonstrating that the Court of Appeals incorrectly determined the facts in the record or that its determination was contrary to, or an unreasonable application of, established federal law. Further, the Kentucky Court of Appeals' decision did not result in a decision that was based on an unreasonable determination of the facts in light of the state court record. The state appellate court applied the proper test to review the trial court's determination regarding whether the facts of the case resulted in a violation of Petitioner's constitutional right to effective assistance of counsel.

D.

Finally, Petitioner argues that his conviction is illegal because an *Alford* plea is not allowed in Kentucky, known perjured testimony was used to coerce a guilty plea, other evidence used to create leverage against Petitioner and coerce a guilty plea was fabricated or lacked credibility, and twelve lie detector tests should be admitted to prove his actual innocence. These issues were presented to the trial court in a motion for relief pursuant to CR 60.02(f) and CR 10.26 approximately seventeen years after his guilty plea. The motion did not state any federal

constitutional principles that had been violated and specifically cited provisions of the Kentucky Constitution and the Kentucky Criminal Rules of Procedure as the basis for the claims. These claims were not presented to the Kentucky courts as a federal constitutional issue. A petitioner must fairly present his claim as a federal question when he presents his claim in the state court. *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000). Because Petitioner did not do so, these claims are procedurally defaulted.

Also, in an order dated April 5, 2004, the trial court ruled that these issues were improperly raised in the CR 60.02 motion and have been waived because they have, could have, or should have been raised previously. Petitioner took no appeal or other action regarding this order. Instead, Petitioner has taken the position that the order constitutes a waiver by the Commonwealth. This Court disagrees. These issues were deemed waived by Petitioner and he is barred from raising them here because they are untimely, inappropriately raised, waived, unexhausted in state court, fail to state a federal claim and procedurally barred.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED and the case is DISMISSED WITH PREJUDICE.

This is a final order.

February 7, 2006

John G. Heyburn II
Chief Judge, U.S. District Court

cc:  Jack Joe Holland, *Pro Se*
     Counsel of Record